UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-627 JGB (SHKx)** | Date | August 14, 2019 |
| Title | *Johnny R. Walker v. Dennis D. McCarty, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

|  MAYNOR GALVEZ  |  Not Reported  |
|:---:|:---:|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|:---:|:---:|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 17); and (2) VACATING the August 19, 2019 Hearing (IN CHAMBERS)

Before the Court is Plaintiff's motion to remand. ("Motion," Dkt. No. 17.) The Court determines the Motion is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The hearing set for August 19, 2019 is VACATED.

## I. BACKGROUND

On October 10, 2018, Plaintiff Johnny R. Walker ("Plaintiff") filed a complaint against Dennis D. McCarty ("Defendant") and Does 1 through 100 in the Riverside Superior Court. ("Complaint," Dkt. No. 1-2.) Plaintiff alleges Defendant negligently caused a motor vehicle collision, causing bodily injuries and damages to Plaintiff. (Id. at 7.) On April 8, 2019, Defendant removed the action to this Court. ("Notice of Removal" or "NOR," Dkt. No. 1.)

On July 17, 2019, Plaintiff filed the Motion. Defendant filed an opposition on July 29, 2019. ("Opp.," Dkt. No. 20.) Plaintiff filed a reply on August 5, 2019. ("Reply," Dkt. No. 24.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction over civil actions in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "A suit between 'citizens of a State and citizens or

subjects of a foreign state' lies within federal diversity jurisdiction." Ruhrgas Ag v. Marathon Oil Co., 526 U.S. 574, 580 n.2 (1999) (quoting 28 U.S.C. § 1332(a)(2)). However, diversity does not exist in actions "between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]" 28 U.S.C. § 1332(a)(2).

Removal statutes are to be strictly construed, Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety, Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). See Abrego v. Dow Chem. Co., 443 F.3d 676, 683-85 (9th Cir. 2006); see also Calif. ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute[.]"). "[A]ny doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

### III. DISCUSSION

Defendant asserts the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because Plaintiff is a citizen of California, Defendant is a citizen of Canada, and the amount in controversy exceeds $75,000. (NOR ¶¶ 6–9.) Plaintiff does not dispute that he is a citizen of California or that the amount in controversy requirement is satisfied. (See Motion.) However, he argues Defendant is non-diverse because he is domiciled in California. (Id. at 4.) In support of this contention, Plaintiff cites evidence of Defendant's residence in and ties to California. (Id. at 4–5.) Defendant responds that he cannot be a citizen of California for diversity purposes because he has no legal status in the United States. (Opp. at 4.) Defendant is correct.

"To be a citizen of a state, a natural person must first be a citizen of the United States." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Here, Defendant asserts – and Plaintiff does not dispute – that Defendant is a citizen of Canada with no legal status in the United States. Accordingly, he is not a citizen of California, but a "citizen[] . . . of a foreign state" within the meaning of 28 U.S.C. § 1332(a)(2). See Atesom v. Guam Mem'l Hosp. Auth., 2016 WL 868757, at *10 (D. Guam Mar. 2, 2016), report and recommendation adopted as modified, 2016 WL 5724790 (D. Guam Sept. 30, 2016) (determining Micronesian citizen "domiciled in Guam since 2000, . . . employed on Guam and pay[ing] taxes on Guam" was not a citizen of Guam because she was a Micronesian citizen, not a U.S. citizen, and thus qualified as a citizen of a foreign state under § 1332(a)(2)); Filmkraft Prods. India Pvt, Ltd. v. Spektrum Entm't, Inc., 2011 U.S. Dist. LEXIS 38687, at *4–7 (D. Nev. Apr. 8, 2011) (determining Canadian citizens who "most likely resided in California during the relevant time period" were nonetheless "aliens for jurisdictional purposes" because "[t]he objective evidence indicate[d] [they] were not American citizens."). Accordingly, this action is one between a citizen of California and a citizen of a foreign state. See 28 U.S.C. § 1332(a)(2).

The Court may lack jurisdiction over an action between a California citizen and a foreign citizen if the foreign citizen is "lawfully admitted for permanent residence in the United States and [is] domiciled in" California. See id. Here, however, Defendant has no legal status in the United States. This action thus does not fall within the exception for permanent residents residing in the same state. See Asare-Antw v. Wells Fargo, N.A., 2019 WL 3073942, at *3 (C.D. Cal. July 15, 2019) ("Although [British citizen] Plaintiff contends that having a primary U.S. residence in California makes him a California citizen, absent a showing that he is an LPR, that argument fails."); Atesom, 2016 WL 868757, at *10 ("[T]he exception noted in Section 1332(a)(2) is inapplicable to [Micronesian] citizens who are not lawfully admitted for permanent residence in the United States."); Filmkraft, 2011 U.S. Dist. LEXIS 38687, at *7–8 ("The [lawful permanent resident] exception is inapplicable to the Shahs. As noted above, the Shahs entered the United States under O2 work visas, rather than pursuant to permanent resident cards. The plaintiff . . . has presented no evidence indicating that the Shahs ever obtained permanent resident status.").

Because this action is between a citizen of California and a citizen of a foreign state who is not a lawful permanent resident, diversity jurisdiction is present. Accordingly, Plaintiff's Motion is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is DENIED. The August 19, 2019 hearing is VACATED.

**IT IS SO ORDERED.**